IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-04525 |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, | ) ) | |
| | ) | <u>Jury Demanded</u> |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Valerie Jackson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Valerie Jackson ("Plaintiff"), is a resident of the state of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, GC Services Limited Partnership ("GCS") is a Delaware limited partnership with its principal place of business at 6330 Gulfton Street, Houston, Texas 77081. It does or transacts business in Illinois. (Exhibit A, Record from Texas Office of the Comptroller).

5. Defendant GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant GCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Citibank, N.A. ("Citibank") consumer credit card accounts ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. Citibank charged off the account in January, 2016.

10. Citibank ceased charging interest and late fees to Plaintiff on or about January, 2016.

11. Citibank ceased sending statements to Plaintiff after January, 2016.

12. Citibank has waived any right to collect interest on the alleged debt.

13. At the time of charge-off, Citibank asserted a balance of $1,992 on the alleged debt. (Exhibit B, Excerpt of Plaintiff's TransUnion credit report).

14. GCS subsequently purchased or was otherwise assigned the alleged debt.

15. On or about January 16, 2016, GCS sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

16. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and the amount claimed on the alleged debt.

17. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

18. The Letter states:

*As of the date of this letter, you owe $1,992.70. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.*

19. GCS was not authorized to add interest, late charges or other charges to Plaintiff's account when the Letter was sent, as collection of those charges was not authorized by any agreement or allowed by law.

20. GCS has not added any interest, late charges, or other charges to the debt since it was charged-off.

21. In fact, in March, 2016, Citibank communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency. (Ex. B, TransUnion excerpt).

22. In March, 2016, Citibank communicated a balance of $1,992, which was the same amount GCS reported in the Letter.

23. It is false for a debt collection letter to imply that the amount might vary when there is no circumstance under which interest, late charges or other charges could be assessed. *Safdieh v. P & B Capital Grp., LLC*, No. CIV.A. 14-3947 FLW), 2015 WL 2226203, at *4 (D.N.J. May 12, 2015).

24. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. GCS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely represented that they had a right to collect interest from Plaintiff on the alleged debt.

27. When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

28. GCS threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add interest, late charges, and other charges to the alleged debt.

29. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

30. GCS used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest on the alleged debt.

31. GCS did not intend to charge Plaintiff interest on the alleged debt.

32. GCS's threat was intended to make the consumer afraid of interest charges, even though GCS and Citibank did not intend to add interest to the account balance.

33. GCS made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

35. GCS threatened to take action against Plaintiff that they did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when they threatened to collect interest on the alleged debt.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

38. Defendant GCS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely represented that they had a right to collect interest from Plaintiff on the alleged debt.

39. Defendant GCS threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add interest, late charges, and other charges to the alleged debt.

40. Defendant GCS used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest on the alleged debt.

41. Defendant GCS threatened to take action against Plaintiff that they did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when they threatened to collect interest on the alleged debt.

42. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**

73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com